# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5889 | **DATE** | 6/18/2013 |
| **CASE TITLE** | Lumpkin vs. Cook County Public Defender | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [43] is granted. Defendant Cook County Public Defender is directed to answer the complaint by 7/16/2013. Status hearing set for 7/23/2013 at 9:30AM.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

Plaintiff Leatrice Lumpkin has filed a pro se complaint against the Cook County Public Defender and individual defendants Mary Maldonado and Mary Carol Farmar. Lumpkin alleges violations of Title VII, 28 U.S.C. § 2000(e) *et seq.*, and the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* The defendants have moved to dismiss the complaint as against the two individual defendants pursuant to Federal Rule of Civil Procedure 12(b)(6).

To survive a Rule 12(b)(6) motion, a "complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The complaint must contain facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The defendants argue that Lumpkin's claims against Maldonado and Farmar must be dismissed because claims brought pursuant to Title VII and the ADEA are not available against individual, natural persons.

The court agrees. Lumpkin alleges that the defendants suspended her and subsequently discharged her because of her race, age, and sex, and in retaliation for filing a discrimination charge. An individual supervisor is not a proper defendant in a Title VII or ADEA action. *Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 52 n.2 (7th Cir. 1995) (determining that no individual liability exists under the ADEA); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (holding that supervisors in their individual capacity do not fall within Title VII's definition of an employer). The action against Maldonado and Farmar is therefore dismissed. Lumpkin's claim against the Cook County Public Defender will move forward; it is directed to answer her complaint by July 16, 2013.

Lumpkin also asks the court to impose sanctions against the defendants pursuant to Federal Rule of Civil Procedure 11. She claims that the defendants intentionally ignored her attempts to serve her complaint, sought additional time to answer or otherwise plead, and otherwise delayed the proceedings in this case. Rule 11 allows the court to "impose an appropriate sanction on any attorney . . . or party" that has presented a document to the court "for any improper purpose," such as harassing the opposing party or causing unnecessary delay. Fed. R. Civ. P. 11(c)(1). The rule is intended to "deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them." *Kapco Mfg. Co., Inc. v. C & O Enter., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (per curiam) (citations omitted). Sanctions are warranted only when a party

| STATEMENT |
|---|
| exhibits "a callous disregard for governing law." *Allison v. Dugan*, 951 F.2d 828, 834 (7th Cir. 1992).<br><br>The court does not find that sanctions are warranted. Nothing indicates that the defendants' conduct was abusive or improper. Lumpkin was unable to properly serve her complaint until she was appointed counsel to assist her in doing so. Moreover, Lumpkin's request for sanctions was not properly filed pursuant to Rule 11(c)(2), which requires a motion for sanctions to "be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). The defendants, in turn, request that the court sanction Lumpkin for her improper motion for sanctions. The court considers her pro se status and the fact that, although frivolous, her request for sanctions caused little expense or delay, and declines to impose sanctions at this time. |